UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN MARMORSTEIN,

       Plaintiff,

vs.                               Case No. 4:13-cv-14145-MAG-LJM
                               Hon. Mark A. Goldsmith

BEVERLY JUNE KENT,

       Defendant.

_____/

**STIPULATED PROTECTIVE ORDER**

I.    The following shall govern the exchange of documents in the context of settlement negotiations:

    1.    All documents exchanged by the parties pursuant to settlement negotiations shall be identified and designated by the parties as "**PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION.**" All such designated documents:

        (a)    are for attorney eyes only and may not be disclosed to the parties;

        (b)    shall not be filed with this Court and may not otherwise be used by the parties in this proceeding;

        (c)    are inadmissible pursuant to F.R.E. 408;

        (d)    shall be destroyed or returned to the respective party at the conclusion of this litigation.

II.     The following shall govern the exchange of confidential information.

1.     All documents, including but not limited to, trust agreements, bank statements, tax returns, and all information therein, which would tend to reveal sensitive, personal or confidential information not otherwise available to the public, identified and designated by the parties as **"CONFIDENTIAL"** shall be deemed by the parties to this Protective Order and their counsel to be particularly confidential and all such designations shall be made in good faith.  Documents and information which are designated **"CONFIDENTIAL"** by the parties will be produced subject to the restrictions set forth in subparagraphs (a) and (b) herein below.  Said documents and information may be used only for purposes of this action, and may be disclosed or communicated only to:

(a)     Counsel for the parties and their employees (herein "counsel");

(b)     Court personnel and certified shorthand reports and their employees.

2.     All documents produced, including but not limited to, trust agreements, bank statements, tax returns, and all information therein,   which contain sensitive, personal or confidential information not otherwise available to the public may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

**"CONFIDENTIAL"**

2

The documents and things produced which contain **"CONFIDENTIAL"** information may also be designated by marking the top/cover page of the document or item to read substantially as follows:

**"THE INFORMATION HEREIN IS TO BE TREATED AS
'CONFIDENTIAL'
IT IS NOT TO BE USED, COPIED OR DISCLOSED TO OUTSIDE
PARTIES WITHOUT PRIOR WRITTEN CONSENT."**

In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

3.    Information disclosed at a deposition may be designated as **"CONFIDENTIAL"** by:

    (a)    Indicating on the record at the deposition that the testimony is **"CONFIDENTIAL"** and subject to the provisions of this Order; or,

    (b)    Notifying all counsel for the parties, within thirty days after receipt of the transcript of the testimony in question, on the record or in writing, that the testimony in question relates to or bears upon a document containing **"CONFIDENTIAL"** information.

Those portions of a deposition that are so designated shall be so stamped and the restrictions set forth above shall apply to material or information designated as **"CONFIDENTIAL."** All deposition transcripts shall be treated as if designated **"CONFIDENTIAL"** until thirty days after receipt of the transcript of the testimony in question, or until counsel for the disclosing party makes the appropriate designation, whichever is sooner.

4.     Any information designated as **"CONFIDENTIAL,"** shall not be used by the other party for any purpose other than in connection with this litigation.

5.     Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential consents, in writing, to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

6.     In any proceeding brought before the Court on any Motion to resolve any dispute concerning the propriety of a **"CONFIDENTIAL"** designation, the burden shall be upon the party asserting that the document, information or deposition testimony is **"CONFIDENTIAL"** to demonstrate that under applicable legal standards, the documents and materials in question are sufficiently sensitive to warrant the appropriate confidential designation made and/or limitations sought by that party; however, all documents, information or deposition testimony designated as **"CONFIDENTIAL"** shall be treated as such and no disclosure thereof shall be made except as expressly permitted by this Order unless and until the Court has resolved the dispute by allowing further disclosure.

7.     A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information

4

as Confidential, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving the same.

8.     This order does not authorize the filing of any documents or other matter under seal.  Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file such items under seal shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing.  See Local Rule 5.3.  A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

9.     Whenever a motion to seal is filed, the movant shall comply with the requirements of Local Rule 5.3 set forth above and submit a proposed order which states the particular reason that sealing is required. The proposed order shall be submitted to the undersigned District Judge or to the Magistrate Judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF.

5

If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

10.     Within forty-five (45) days of the conclusion of this litigation, which conclusion shall include the time for any appeal by any of the parties as to any of the matters raised by the litigation, all documents designated as **"CONFIDENTIAL,"** and all copies thereof, shall be destroyed or returned to the respective party that produced the document, information or deposition testimony, at the option of the disclosing party.

11.     The designation of any material in accordance with this Order as constituting or containing Confidential information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential information.

12.     This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

13.     This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the

6

Federal Rules of Civil Procedure as justice may require.

14.     Each party reserves the right to seek a modification of this Order if that party believes that the terms of the Order have become inappropriate to this litigation. The ultimate resolution of any such request for modification will be governed by the standards under the Federal Rules of Civil Procedure.

15.     Notwithstanding the foregoing, if a document contains confidential information, or a transcript contains confidential information, if that information is redacted and the parties agree that the remaining information is not confidential, the redacted document or transcript may immediately be used by any party for any reason, and may be filed with the Court, the same as any non-confidential document or transcript in this action.

16.     The provisions of this Order shall survive and remain in force and effect after the conclusion of this litigation whether the conclusion be by settlement or litigation. The Court retains jurisdiction to construe and enforce the provisions of this Order. The treatment of confidential information to be introduced at trial shall be the subject of a later order as will be determined by the Court at a later date.

        SO ORDERED.

Dated:  February 25, 2014                    s/Mark A. Goldsmith
        Flint, Michigan                      MARK A. GOLDSMITH
                                             United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

**I stipulate to the entry of the above order and notice of hearing on entry of the above order is hereby waived.**

DeBrincat, Padgett, Kobliska & Zick

/s/with the consent of S. Thomas Padgett
S. Thomas Padgett (P31748)
Attorney for Plaintiff
34705 W. 12 Mile Road, Suite 311
Farmington Hills, MI  48331
(248) 553-4333
michiganlawyer@aol.com

HOOPER HATHAWAY, P.C.

/s/William J. Stapleton
William J. Stapleton (P38339)
Attorney for Defendant Beverly Kent
126 South Main Street
Ann Arbor, MI  48104
(734) 662-4426
wstapleton@hooperhathaway.com

8